(C.D. 2342)

HUDSON SHIPPING CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 16, 1962)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before OLIVER and WILSON, Judges

OLIVER, Chief Judge: The merchandise the subject of this protest has been stipulated to consist of "reptile leather not cut or wholly or partly manufactured into uppers, vamps, or any forms or shapes suitable for conversion into boots, shoes or footwear, and not grained, printed, embossed, ornamented, or decorated in any manner or to any extent nor made into fancy leather." There is no question but that

the tariff rate applicable to leather of that description is 15 per centum ad valorem under paragraph 1530(c) of the Tariff Act of 1930, as modified by T.D. 51802, unless such leather was—

* * * imported to be used in the manufacture of boots, shoes, or footwear * * *

in which case the applicable rate of duty is 10 per centum ad valorem under the said subparagraph. Paragraph 1530(g) of the said act provides that—

The Secretary of the Treasury shall prescribe methods and regulations for carrying out the provisions of this paragraph.

The regulations prescribed under the foregoing authority which were in force and effect at the times here pertinent are contained in section 10.84 of the Customs Regulations, which will be more particularly referred to, *infra*.

The merchandise at bar was entered for warehouse on June 7, 1956, and was described on the entry as "REPTILE LEATHER." The paragraph and rate of duty stated on the entry are "1530" and "10%," respectively. The merchandise was withdrawn from warehouse on December 28, 1956, the "Warehouse Withdrawal for Consumption" describing the merchandise as "Reptile Leather" and listing the applicable tariff rate as 10 per centum under paragraph 1530.

On the ground that the applicable Customs Regulation, relating to the filing of a declaration upon entry or withdrawal by the person making the entry or withdrawal that the leather was imported to be used in the manufacture of footwear, was not complied with, the entry was liquidated on July 10, 1957, at the rate of 15 per centum ad valorem. The present protest was filed within the time allowed therefor.

The Customs Regulation in question reads as follows:

(a) Leather of a kind entitled under paragraph 1530(c), Tariff Act of 1930, as modified, to a reduced rate of duty if used in the manufacture of footwear may be entered, or withdrawn from warehouse, for consumption upon payment of duty at the reduced rate if the person making the entry or withdrawal files therewith his declaration that the leather was imported to be used in the manufacture of footwear and the collector is satisfied that the importer of the leather had the declared intention at the time of importation. Liquidation of the entry covering the leather shall be suspended until proof of use is furnished or the time allowed for the production thereof has expired.

Counsel for the plaintiff stipulated in writing with counsel for the defendant—

That at the said time of entry and at the said time of withdrawal from warehouse for consumption *the declaration referred to in Sec. 10.84(a) of the Customs Regulations of 1943 as amended* to the effect that the leather was imported to be used in the manufacture of footwear, *was not filed with the collector* by the person making the entry or withdrawal. [Emphasis added.]

Taken at its face value, the foregoing would appear to be an admission on the part of counsel for the plaintiff that there was a complete

failure to comply with the applicable customs regulation. However, upon consideration of the testimonial and documentary evidence offered on behalf of the plaintiff, and the brief filed in its behalf, it appears that the plaintiff contends that it is not necessary under the regulation, section 10.84(a), *supra*, to file, on entry or withdrawal, a *separate* paper as a declaration establishing that the importer invoked the 10 per centum duty rate under paragraph 1530(c) for reptile leather for shoe purposes, and that the specification on the entry or withdrawal of the 10 per centum rate and the specification on the entry or withdrawal of the "appropriate commodity number" sufficiently met the "declaration" requirements of section 10.84(a), *supra*.

At the trial of the issue, counsel for the plaintiff offered in evidence the warehouse entry here involved, the consular invoice, the withdrawal form, and two letters from the vendee of the ultimate consignee, together with affidavits attached thereto, establishing that the merchandise in question was actually used in the manufacture of shoes.

Plaintiff offered the testimony of the president of the plaintiff corporation, a customs brokerage firm, who stated that he was familiar with the circumstances surrounding the preparation of the entry in the case at bar. He stated that he was familiar with the regulations with respect to the declaration here involved, and that, both before and after the filing of the present entry, he had filed specific declarations in such matters that the leather was intended to be used for footwear. Although at first he testified that he did not file such a declaration in the case at bar, he subsequently stated that "The probabilities are that there was such a statement," basing that opinion on the fact that the entry was accepted by the entry clerk at the 10 per centum rate. However, he had no record or independent recollection of having filed such a statement or declaration.

On cross-examination, it was brought out that none of the entry papers contain any statement that the merchandise was leather for shoe purposes, although it was customary, even when a declaration was filed, so to describe it on the entry.

The owner of the firm, which was the ultimate consignee of the leather, testified that the merchandise had been sent to it on consignment; that he had received it "for shoe purposes"; that he intended at the time of entry and withdrawal to use the merchandise for shoe purposes; and that he had sold it to a tannery, as proof of which he produced the invoice of the sale, which was admitted in evidence as plaintiff's exhibit 1.

He stated that he believed that he had instructed the customs broker to enter the merchandise for shoe purposes, but did not have a copy of such letter of instructions.

For the defendant, the officer who liquidated the entry stated that it was liquidated at the 15 per centum rate because there was no declaration of intent at the time of entry or withdrawal; and that—

* * * Usually leather brought in for the manufacture of shoes, there is a statement on the entry that these are to be used for the manufacture of shoes, and a statement by the importer that they are to be made for shoes; and, further, the clerk at the entry division always puts a statement on * * *. The upper right-hand corner of the entry that shows affidavit required, and this entry was made for manufacture of shoes. This had neither, and nothing that would show anything to a liquidator at the time but to take the regular rate of 15% as reptile leather. [Tr. pp. 27–28.]

On cross-examination, the witness admitted that the description on the entry indicated to him that the merchandise was whole reptile skins, not cut into shapes for shoes, and that he knew of no 10 per centum provision of the customs law that related to reptile leather, not cut into shapes for shoes, other than for use as shoe leather.

On both the entry and the withdrawal under the heading of "Schedule A Commodity Number," there is the number 0334000.

Section 484(e) of the Tariff Act of 1930 provides as follows:

SEC. 484. ENTRY OF MERCHANDISE.

\*  \*  \*  \*  \*  \*  \*

(e) STATISTICAL ENUMERATION.—The Secretary of the Treasury, the Secretary of Commerce, and the Chairman of the United States Tariff Commission are authorized and directed to establish from time to time for statistical purposes an enumeration of articles in such detail as in their judgment may be necessary, comprehending all merchandise imported into the United States, and as a part of the entry there shall be attached thereto or included therein an accurate statement specifying, in terms of such detailed enumeration, the kinds and quantities of all merchandise imported and the value of the total quantity of each kind of article.

Pursuant to the foregoing authority, there has been promulgated from time to time an enumeration as above described entitled "SCHEDULE A—Statistical Classification of Commodities Imported into the United States with Rates of Duty and Tariff Paragraphs." At the time here pertinent, the said Schedule A contained, under the heading "Commodity description and economic class," the description "Reptilian and shark skin leather," followed by the description "Upper for shoe purposes" opposite the Schedule A "commodity number" 0334000.

Section 8.8(a) of the Customs Regulations, as amended, under the heading "Requirements on entry," as in force and effect at the times here pertinent, provided that—

* * * The description of the merchandise shall be in terms of the tariff act in accordance with the statistical Schedule A of the Department of Commerce, or in more specific terms which indicate clearly the tariff classification claimed by the importer.

As has been noted, the Schedule A commodity number 0334000 appeared on both the entry and the withdrawal in the case at bar. It is plaintiff's contention that the statement of that number and the statement of entry at the 10 per centum rate under paragraph 1530 on the entry and withdrawal sufficiently met the requirement of section 10.84(a) of the Customs Regulations, *supra*, of the filing of a declaration that the leather was imported to be used in the manufacture of footwear.

We do not agree with this contention. Assuming, without deciding, that the description of the merchandise on the entry and withdrawal as "reptile leather," without specifically stating whether it was "Upper for shoe purposes" or "Other," which are the descriptions set forth in Schedule A, was sufficient for the purposes of section 8.8(a) of the Customs Regulations, *supra*, we are of the opinion that the requirement of section 10.84(a) of the said regulations, that the person making the entry or withdrawal file therewith "his declaration that the leather was imported to be used in the manufacture of footwear," calls for a clear and direct statement to that effect either on the face of the entry or withdrawal or in a writing filed with the said entry or withdrawal.

While plaintiff's counsel is correct in his observation that section 10.84(a), *supra*, does not require the declaration to be in any particular form, it is manifest that some affirmative and positive statement of the purpose for which the leather was imported is required to be made. Such a requirement is not met by the statement of a statistical commodity number relating to importations and a claim for entry at 10 per centum. These merely lead to an inference that the merchandise was claimed to be entitled to classification as upper leather, but they do not amount to a declaration that the leather was imported to be used in the manufacture of footwear. Such a declaration, in direct and unequivocal terms, we believe, is a *sine qua non* for entry at the reduced rate.

There can be no question, upon the testimony of both the customs broker and the liquidator, that no practice obtained on entry or withdrawal of merchandise at the times here pertinent which might be considered in any sense to have sanctioned the procedure which was followed in the case at bar.

The granting of the reduced rate of duty was conditioned upon compliance with the applicable customs regulations. *The Florsheim Shoe Co.* v. *United States*, 65 Treas. Dec. 1015, T.D. 47118. The evidence in this case does not establish that the regulations were complied with.

Judgment will, therefore, issue overruling the protest claim.